UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MIDLAND LLC, WESTLAND PARK LLC, ROBERT W. TROXEL, and MARY JO TROXEL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-183 |
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, MidLand LLC, Westland Park LLC, Robert W. Troxel, and Mary Jo Troxel, by their undersigned attorneys, for their Complaint against Defendant, Employers Mutual Casualty Company, state as follows:

## FACTS

1.      MidLand LLC ("MidLand") is a citizen of Indiana, being an Indiana limited liability company with its principal place of business in Bluffton, Indiana.

2.      MidLand is comprised of the following members, who are all domiciled in a state other than Iowa: Robert J. Troxel, who is domiciled in Fort Wayne, Indiana; and the Mary Jo Troxel Revocable Trust. Ms. Troxel is the trustee of the trust and is domiciled in Marco Island, Florida.

3.      Westland Park LLC ("Westland"), is a citizen of Indiana, being an Indiana limited liability company with its principal place of business in Bluffton, Indiana.

4.      Westland is comprised of the following members, who are all domiciled in a state other than Iowa: Farling's Finer Foods, Inc., which is an Indiana corporation with its principal

1

place of business in Bluffton, Indiana; Robert J. Troxel, who is domiciled in Fort Wayne, Indiana; and RTT Investments LLC. The sole member of RTT Investments LLC is Robert J. Troxel, who is domiciled in Fort Wayne, Indiana.

5.      Mary Jo Troxel is the trustee of the Mary Jo Troxel Revocable Trust and is domiciled in Marco Island, Florida.

6.      Robert W. Troxel is the trustee of the Robert W. Troxel Revocable Trust and is domiciled in Marco Island, Florida.

7.      Employers Mutual Casualty Company ("EMC"), is an Iowa citizen, being an Iowa corporation engaged in the business of underwriting and issuing commercial property insurance policies with its principal place of business in Des Moines, Iowa.

8.      This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred in this judicial district. Additionally, EMC does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

**COUNT I**
**(Breach of Contract – Westland)**

10.     Westland re-alleges paragraphs 3, 4, and 7 through 9 of the Facts of the Complaint as paragraph 10 of Count I of the Complaint.

11.     Westland is the owner of the commercial building located at 1955 Lancaster Street, in Bluffton, Indiana ("the Westland building").

12.     EMC issued to Westland a business protection insurance policy effective May 1, 2019 through May 1, 2020 (the "Westland policy", a copy of which is attached to this Complaint as Exhibit A).

13.     Under the Westland policy, EMC agreed to pay for direct physical loss of or damage to the Westland building caused by or resulting from hail.

14.     On or about May 16, 2019, while the Westland policy was in full force and effect, the Westland building was damaged by hail ("the hail loss").

15.     Westland duly submitted a claim to EMC for benefits due and owing under the Westland policy.

16.     Westland has substantially performed all post-loss conditions required by the Westland policy be to performed by it, requested of it, and/or not waived by EMC including, but not limited to, giving prompt notice of the hail loss, cooperating with EMC in the investigation of the hail loss and ensuing claim, exhibiting the Westland building for inspection on multiple occasions, and timely filing suit against EMC.

17.     Although requested to do so, EMC has failed and refused to pay Westland for the covered hail damage to the Westland building, which failure and refusal constitutes a breach of the Westland policy.

18.     EMC's breach of the Westland policy was and is the direct and proximate cause of damage to Westland in an amount in excess of $75,000.

WHERERFORE, Plaintiff, Westland Park LLC, prays for judgment in its favor and against Defendant, Employers Mutual Casualty Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
### (Breach of Contract – MidLand)

19.     MidLand re-alleges paragraphs 1, 2, and 7 through 9 of the Facts of the Complaint as paragraph 19 of Count II of the Complaint.

20.     MidLand is the owner of the commercial buildings located at 1805 Lancaster Street, 221 West Market Street, and 990 North Main Street in Bluffton, Indiana (collectively "the MidLand buildings").

21.     EMC issued to MidLand a business protection insurance policy effective April 1, 2019 through April 1, 2020 (the "MidLand policy", a copy of which is attached to this Complaint as Exhibit B).

22.     Under the MidLand policy, EMC agreed to pay for direct physical loss of or damage to the 990 North Main Street building caused by or resulting from hail

23.     MidLand also was an additional insured under the Westland policy.

24.     Under the Westland policy, EMC agreed to pay for direct physical loss of or damage to the 1805 Lancaster Street and 221 West Market Street buildings caused by or resulting from hail

25.     On or about May 16, 2019, while the MidLand policy and Westland policy were in full force and effect, the MidLand buildings were damaged by hail ("the hail loss").

26.     MidLand duly submitted a claim to EMC for benefits due and owing under the MidLand policy and the Westland policy.

27.     MidLand has substantially performed all post-loss conditions required by the MidLand policy and the Westland policy be to performed by it, requested of it, and/or not waived by EMC including, but not limited to, giving prompt notice of the hail loss, cooperating with EMC

4

in the investigation of the MidLand hail loss and ensuing claim, exhibiting the MidLand buildings for inspection, and timely filing suit against EMC.

28.     EMC acknowledged the hail loss to the 221 West Market Street building was a covered loss under the Westland policy and issued payment for some of the damage.

29.     Although requested to do so, EMC has failed and refused to pay MidLand for all of the covered hail damage to the 221 West Market Street building, which failure and refusal constitutes a breach of the Westland policy.

30.     Although requested to do so, EMC has failed and refused to pay MidLand for the covered hail damage to the 1805 Lancaster Street and the 990 North Main Street buildings, which failure and refusal constitutes a breach of the Westland policy and the MidLand policy, respectively.

31.     EMC's breaches of the MidLand policy and the Westland policy were and are the direct and proximate cause of damage to MidLand in an amount in excess of $75,000.

WHERERFORE Plaintiff, MidLand LLC, prays for judgment in its favor and against Defendant, Employers Mutual Casualty Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT III
### (Breach of Contract – Robert W. Troxel)

32.     Robert W. Troxel re-alleges paragraphs 6 through 9 of the Facts of the Complaint as paragraph 32 of Count III of the Complaint.

33.     The Robert W. Troxel Revocable Trust is the owner of the commercial building located at 600 North Main Street, in Bluffton, Indiana ("the 600 Main building").

34.     Robert W. Troxel is an additional insured under the Westland policy.

35.     Under the Westland policy, EMC agreed to pay for direct physical loss of or damage to the 600 Main building caused by or resulting from hail.

36.     On or about May 16, 2019, while the Westland policy was in full force and effect, the 600 Main building was damaged by hail ("the hail loss").

37.     Robert W. Troxel duly submitted a claim to EMC for benefits due and owing under the Westland policy.

38.     Robert W. Troxel has substantially performed all post-loss conditions required by the Westland policy be to performed by him, requested of him, and/or not waived by EMC including, but not limited to, giving prompt notice of the hail loss, cooperating with EMC in the investigation of the hail loss and ensuing claim, exhibiting the 600 Main building for inspection on multiple occasions, and timely filing suit against EMC.

39.     EMC acknowledged the hail loss to the 600 Main building was a covered loss under the Westland policy and issued payment for some of the damage.

40.     Although requested to do so, EMC has failed and refused to pay Robert W. Troxel for all the covered hail damage to the 600 Main building, which failure and refusal constitutes a breach of the Westland policy.

41.     EMC's breach of the Westland policy was and is the direct and proximate cause of damage to Robert W. Troxel in an amount in excess of $75,000.

WHERERFORE, Plaintiff, Robert W. Troxel, prays for judgment in his favor and against Defendant, Employers Mutual Casualty Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT IV
### (Breach of Contract – Mary Jo Troxel)

42.     Mary Jo Troxel re-alleges paragraphs 5, and 7 through 9 of the Facts of the Complaint as paragraph 42 of Count IV of the Complaint.

43.     The Mary Jo Troxel Revocable Trust is the owner of the commercial building located at 115 Harvest Road, in Bluffton, Indiana ("the 115 Harvest building).

44.     Mary Jo Troxel is an additional insured under the Westland policy.

45.     Under the Westland policy, EMC agreed to pay for direct physical loss of or damage to the 115 Harvest building caused by or resulting from hail.

46.     On or about May 16, 2019, while the Westland policy was in full force and effect, the 115 Harvest building was damaged by hail ("the hail loss").

47.     Mary Jo Troxel duly submitted a claim to EMC for benefits due and owing under the Westland policy.

48.     Mary Jo Troxel has substantially performed all post-loss conditions required by the Westland policy be to performed by her, requested of her, and/or not waived by EMC including, but not limited to, giving prompt notice of the hail loss, cooperating with EMC in the investigation of the hail loss and ensuing claim, exhibiting the 115 Harvest building for inspection on multiple occasions, and timely filing suit against EMC.

49.     EMC acknowledged the hail loss to the 115 Harvest building was a covered loss under the Westland policy and issued payment for some of the damage.

50.     Although requested to do so, EMC has failed and refused to pay Mary Jo Troxel for all the covered hail damage to the 115 Harvest building, which failure and refusal constitutes a breach of the Westland policy.

51.     EMC's breach of the Westland policy was and is the direct and proximate cause of damage to Mary Jo Troxel in an amount in excess of $75,000.

WHERERFORE, Plaintiff, Mary Jo Troxel, prays for judgment in her favor and against Defendant, Employers Mutual Casualty Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

**Plaintiffs demand a trial by jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
Attorneys for Plaintiffs